SAMUEL MOORE, *Appellant, v.* HENRY W. WIL-SON, *et al., Respondents.*

MISJOINDER OF PARTIES DEFENDANT.—Plaintiff in an action involving the title to an *entire* tract of land, joined several Defendants, who, it was alleged, were in the possession of, and claimed separate and distinct parcels thereof, *held*, there was a misjoinder of parties Defendant, and that Defendants could not in such a case be joined in the same proceeding.

APPEAL from the First District Court.

The facts appear in the Opinion of the Court.

*L. V. Ashbrook,* for Appellant.

*D. S. Dana,* for Respondents.

BOREMAN, J., delived the Opinion of the Court.

The Appellant filed his bill in Chancery alleging, among other things, that he had been in possession of a certain parcel of land for a long while and was, under the "town site" Act, entitled to the legal title; that Defendants never had been in possession, but that the property had been deeded to the Defendants by various parties.

He asked for title and other relief. Defendants demurred to the bill and demurrer was sustained and bill dismissed. The bill shows that the Appellant applied to the Probate Court for title to this land, at one time in connection with other lands, and title was denied him, because the ground was used as a public road. That when the road was removed he took possession, and intended to apply to the Probate Court for title, but never did so. He was ousted of the possession of the various parts of the land by the various Defendants, who claimed separate and distinct portions. Various parties made deeds to the Defendants, and they do not appear to have received title from the same source; and in fact it is not asserted in the cases of some of these Defendants at least that they ever applied to the Probate Court for title, or that they now or ever did have title from the source required by statute. It appears that the interests of the Defendants are totally distinct, each party having claimed separate parts of the land. This is sufficient to dispose of the case, for the Defendants having totally distinct claims, and having title from no common source, cannot in such a case as this, be joined in the same proceedings. It does not become necessary, therefore, to consider whether a party have a right to come into equity, when barred by the statute of limitations, and when alleged equities exist. The judgment of the Court below is affirmed.

McKEAN, C. J. and EMERSON, J., concurred.